This is a suit for specific performance, requiring defendant to tear down a barn in accordance with an agreement.
The facts are that defendant entered into an agreement with complainant, dated November 26th, 1919, to convey certain property in Linden township, Union county, the dimensions of which are described in the contract of sale. The *Page 439 
purchase price was $3,000, payable in monthly installments. The last installment was paid in June, 1923, and, according to the contract, the defendant was entitled to a deed. No deed was delivered, but on August, 1923, two months after the completion of the payments, the president of the complainant company induced the defendant to sign an agreement which stated that if he would pull down a certain barn he should receive a deed immediately. Complainant signed the agreement, but did not receive the deed until January 18th, 1924. The complainant seeks to compel the defendant to tear down the barn under this agreement. There was no consideration for the agreement whatever.
"A promise to do what the promisor is already bound to do cannot be a consideration, for if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal." 13 C.J. Cont. 351.
In other words, the complainant was already bound to convey the property described, and, therefore, had no right to exact additional consideration for the completion of the contract. SeeConover v. Stillwell, 34 N.J. Law 54.
The defendant raises another point, that of failure of consideration, but, having found that there was no consideration, it is unnecessary to discuss its failure.
It further appears by the uncontradicted testimony in the case that the deed, as finally delivered, did not carry out the terms of the agreement of sale. Briefly, that agreement required a frontage that would give a clearness of ten feet on each side of the house. The undisputed testimony is that the clearness on the easterly side of the house is six and threetenths feet, and on the westerly side of the barn seven and eight-tenths feet.
I shall, therefore, dismiss the bill for specific performance, and direct that a deed, properly reformed to comply with the conditions in the contract of sale, be delivered to defendant. *Page 440